VAN HOOK, administrator, &c. and others v. WHITLOCK
and others.

It is a general rule that no advantage can be taken of the statute of limitations as a bar
to a plaintiff's demand, unless the defendant either pleads it, or insists upon the
same by his answer. But, the like strictness and particularity are not required in an
answer as in a plea ; although enough ought to be stated to put the facts in issue upon
which the benefit of the statute is claimed.

Defendants, being desirous of protecting themselves under more than one provision of
statutory limitations, set up in their answer that as to all the causes of action of which
there was concurrent jurisdiction in courts of law and equity, such causes did not ac-
crue within six years before the filing of the bill and as to all other causes of action,
they did not accrue within ten years ; and they insisted also upon a lapse of time gen-
erally : Held, to be sufficient to take advantage of any statute of limitations which
might apply.

Distinction between remedial and penal parts of statutes.

Upon every statute made for the redress of any injury, mischief or grievance, an action
lies by the party aggrieved, either by the express words of the statute or by implica-
tion. This was the doctrine of Ch. Baron Comyn ; and it is here recognized.

The injured party only can sue upon a remedial statute.

February
18. 19. 20.
1834.

Pleading.
Statute of
limitations.
Statute.

Bill by creditors of the Commercial Insurance Company
of New York against stockholders, for the purpose of mak-
ing them personally liable. A sweeping plea of the statute
of limitations had, in the first instance, been interposed ; and
this was disallowed by his honor the Chancellor : see, 3.
Paige's C. R. 410. The cause now came before the Vice-
Chancellor of the first circuit upon bill, answers and proofs.
The defendants severed in their pleading, but most of them
still relied upon the statute of limitations, in, about, the fol-
lowing words : " And these defendants further answering
severally each for himself only as to so much and such part
of the said supposed causes of action or suit and each and
every of them against these defendants respectively in the
said bill of complaint alleged, whereof there is concurrent
jurisdiction in the courts of common law and courts of equi-
ty, say that if the same supposed causes of action or suit or
any of them ever existed, which these defendants respective-
ly do in no sort admit, the same supposed causes of action
or suit or any or either of them did not accrue at any time

" within six years next before the filing of the said bill of complaint or at any time within six years next before process to appear and answer thereto was sued out and served on these respective defendants ; and that these defendants respectively have not at any time within six years next before the filing of the said bill of complaint promised or agreed to or with the said complainants respectively or any of them, either in their own right or in their respective character of executors, administrators or assigns, as set forth in the said bill of complaint, or to or with any of the person or persons from whom the said complainants respectively claim or pretend to deduce their respective right to sue in this behalf or to or with any person or persons whomsoever to come to any account for or pay or in any way satisfy the said complainants or any or either of them or any person or persons whomsoever any sum or sums of money for or by reason of any of the matters, transactions or things in the said bill of complaint charged or alleged ; nor have the said complainants or any of them or any of the persons from whom they respectively claim to deduce their right to sue in this behalf at any time within six years next before the filing of the said bill of complaint, to the knowledge or belief of these defendants, been under any of the disabilities mentioned and described in the acts and statutes of this state for the limitation of actions in this behalf; and as to all the other matters in the said bill of complaint alleged or charged and for which this suit is brought, these defendants severally answering each for himself say, that if any causes or cause for filing the said bill of complaint, in respect of the matters last mentioned or any of them, ever existed, which these defendants respectively do in no sort admit, the same did not accrue at any time within ten years next before the filing of the said bill of complaint nor within ten years next before suing out and serving on these defendants respectively process to appear and answer thereto. Nor have the said complainants respectively nor those from whom they respectively claim right or title to bring this suit, been, to the knowledge or belief of these defendants, at any time within ten years next before filing the said bill of complaint under any of the disabilities in the said acts and statutes for the

39

1834.

VAN HOOK
v.
WHITLOCK.

" limitation of actions mentioned. And these defendants do humbly insist on the several acts and statutes for the limitation of actions as a full and perfect bar to this suit and pray the same benefit thereof as if the same had been specially pleaded. And these defendants respectively pray and insist on the benefit of the lapse of time and all and every statute and statutes of limitation in bar of the said supposed claims and demands, each and every of them, of the said complainants respectively, each and every of them."

*Mr. R. Sedgwick* and *Mr. D. D. Field*, for the complainants.

*Mr. G. Griffin, Mr. J. Anthon* and *Mr. R. Bogardus*, for the defendants.

THE VICE-CHANCELLOR :—When this cause came before the Chancellor upon the plea of the statute of limitations, which was interposed by some of the defendants (see, 3 Paige's C. R. 409,) the form and substance of the plea were both considered ; and it was held to be defective and insufficient as a bar. His honor, at the same time, settled the construction of the statute as applicable to the complainants claims, as well as the nature of the defendants liability, in such a way as relieves me from the necessity of going into an examination of some of the grounds of defence taken by the answers and urged at the hearing.

I am bound to regard it as a point already decided that the corporation of the Commercial Insurance Company was not dissolved until the charter expired, by its own limitation, on the second Tuesday of January one thousand eight hundred and twenty ; and also, that then a right of action first accrued against the defendants upon their statutory liability as stockholders or corporators. ·Taking this as the starting point, the fact is now supplied by the proofs, of the present suit having been actually commenced—by filing bill and serving subpoenas—within ten years. If the demands should be deemed exclusively of equitable cognizance, and to which the limitation of ten years under the Revised Statutes might be applied, it, still, would not be a case where

the statute could be interposed as a defence : because, the
time beyond which no suit in equity should be brought, had
not elapsed.  If it be viewed as a case not of exclusive but
concurrent jurisdiction where this tribunal, in obedience to
the statute and by analogy, applies the same rule that would
be used by a court of law, then, according to the opinion of
the chancellor, the six years limitation can have no effect:
for an action of debt might be sustained against each defen-
dant upon a statutory liability and such actions are not
amongst those which are enumerated in the section declar-
ing six years as a limit.  So far, therefore, as the answers
of the defendants rely upon this portion of the statute and
set up the delay of the complainants for six years in bring-
ing the suit, and as barring the remedy, the defence must
fail ; and with regard to the ten years, it must likewise be
insufficient upon the evidence, for the reason just given,
even if the statute could, in this respect, be supposed to
apply.

But—there is another clause of the statute which was not
presented to the consideration of the chancellor and is now
relied upon as applicable and available.  I refer to a branch
of § 6. in the Revision of the Laws of 1813, (1 Laws N. Y.
137.)  A like clause is to be found in the 2 R. S. 298, § 31.
It runs thus :—" all such actions or informations which shall
" at any time be brought, sued or exhibited for any forfeit-
" ure or cause upon any statute made or to be made, the
" benefit and suit whereof is or shall be given or limited to
" the party aggrieved, shall be brought, &c. within three
" years next after the offence committed or cause of action
" accrued and not after."

The first objection to this clause is, that a defence upon it
is not set up in the answers and, consequently, the defend-
ants have no right to avail themselves of the same at the
hearing.  Lord Hardwicke has said, no advantage can be
taken of the statute of limitations as a bar to a plaintiff's
demand, unless the defendant has either pleaded the statute
or insisted upon it by his answer : *Prince v. Heylin*, 1 Atk.
494. ; and this is now the general rule, Mitf. 4th edit. 273.
Still, the same strictness and particularity are not required
in an answer as in a plea, although enough ought to be stat-

1834.

VAN HOOK
v.
WHITLOCK.

ed to put the facts in issue upon which the benefit of the statute is claimed. I think the answers do state enough on the subject. They show that, supposing six years to be the limitation, the right of action did not accrue against the defendants within such period ; also, that the defendants had not promised or done any thing to render them liable within this period ; and likewise, that none of the disabilities mentioned in the statute had existed to prevent its running— and, upon the supposition of ten years possibly attaching, similar averments are made to meet the case. The answers also insist upon the benefit of the lapse of time and upon all and every statute and statutes for the limitation of actions in bar of the supposed claims and demands and each and every of them and pray the protection thereof as fully and effectually as if the same had been, in due form, specially pleaded.

Now, although the benefit of a three years limitation is not expressly claimed, yet the circumstances to negative any cause of action within the last six years or any promise within the time, would certainly amount to a denial of any right of action accruing or liability incurring within three years, while, insisting upon the law and every part which could be brought to bear, would, under the matters of fact so alleged and put in issue, if substantiated, entitle the defendants to the benefit of the shorter limitation, provided it were, (instead of the six or ten years) found to apply. If it should be made to appear that the bill was exhibited within six years of the period when the right to sue accrued, I will not say it would, under an issue in fact so framed as the present, be competent for the defendants (by setting up the three years limitation) to require the complainants to go on and prove that the right accrued to them within three years. Indeed, there is no pretence of such being the fact ; and it is apparent, from the bill itself, that it was not exhibited until a lapse of more than nine years from the time when the defendants were first liable to be called upon for payment, as well as that a liability attached and the consequent right of action accrued immediately upon the dissolution of the charter, which happened on the second Tuesday of January, one thousand eight hundred and twenty. This is the period

alleged in the bill itself; and it sets forth transactions as late as the fifteenth day of April, one thousand eight hundred and twenty nine. The bill must, therefore, have been filed, after this time; and there is no evidence to show that any thing had taken place in the interval or that any fact exists to intercept or prevent the running of the statute. The question is entirely one of law, arising from the delay or lapse of time, about which, as a matter of fact, there is no dispute; and, as the defendants claim the full benefit of every limitation by statute on the subject of bringing suits, it appears to me the question is fairly presented whether three years is not a bar.

The 6 § of the statute limits, in the first place, the prosecution of penal actions, strictly so called, to cases where the penalty or forfeiture is given to the people only—while the prosecution is to be in their name; and also, where it is bestowed upon a common informer or any person who will sue, or upon the people and any person prosecuting what is usually denominated a *qui tam* action. So far the section is but a transcript of the 31 Eliz. ch. 5. § 5. which does not extend to actions allowed to be brought by the party aggrieved or where the remedy is given to such party: 13 Petersdoff's Abr. 282. In framing the statute of limitations for the state of New York, it was thought proper to go one step further and extend its provisions to cases of the last description; and hence the clause, which I am now considering, was introduced. Even with this additional clause, the statute was found not to apply where the penalty was given, by statute, to the party aggrieved and the people in moities: *Wilcox* v. *Fitch*, 20 J. R. 472. The omission is supplied by the Revised Statutes. The clause in question is not confined to penal actions or such as may be brought for a forfeiture. It applies to an action for any cause and upon any statute; and whether it be commenced for a forfeiture or other cause founded upon statutory liability and the benefit is given or limited to the party aggrieved, it must be brought within three years next after the offence committed or cause of action accrued, but not afterwards. This provision is evidently aimed at actions brought upon remedial statutes to recover damages for their viola-

tion by any party aggrieved, as well as upon penal statutes for forfeitures to any such party. The distinction between remedial and penal statutes is very obvious, although they are sometimes blended in one statute, for it may be penal in one part and remedial in another: Doug. 702; Dwarris on Statutes, 641, 642. A remedial statute has for its object, says Petersdorff, the redress of some existing grievance or the introduction of some regulation or proceeding conducive to public good and is either affirmative or negative, as it prescribes or prohibits any thing in particular to be done or omitted. It is, in words, mandatory only, in which it differs from a penal statute, which enforces what it enacts by means of a penalty. The remedy, therefore, for breach of a remedial statute, is an action for damages by the party grieved; and for the breach of a penal statute, an action of debt for the penalty: 13 Petersdorff's Abr. 277 n. Thus, there may be two classes of cases to which the words "for any forfeiture or any cause upon any statute," may severally apply; and it remains to be seen whether the statutory liability, which rested upon the defendants on the second Tuesday of January, one thousand eight hundred and twenty, falls within the description of either class.

I do not think the 12 § of the charter or act of incorporation of the company is to be regarded in the light of a penal statute. It imposes no penalty or forfeiture upon the stockholders or corporators for suffering debts of the corporation to remain unpaid at the expiration of its charter. Still, it declares, in respect to all debts contracted by the corporation before this period, that the persons composing the corporation at the time of its dissolution shall, to a certain extent, be responsible in their individual and private capacities. Without this express enactment, they would not be thus responsible. The property and effects of the corporation only would be liable to be applied towards the payment of its debts; and should this prove insufficient, then the creditors would go unpaid. In order to remedy this inconvenience and as a matter conducive to the ends of justice and the rights of creditors, the legislature thought proper to create a personal responsibility on the part of the corporators; and thus the statute becomes a remedial one in the proper

and legal sense of the term. Although the act is silent as to the form of action and the mode of enforcing the liability, there can be no doubt of the right of creditors to sue at law upon the statute ; and it is immaterial to the present purpose whether the action should be debt, assumpsit or on the case. It is sufficient that the law furnishes an appropriate remedy, in some form or other. When the mere form of the action or the action itself is not expressly given, it arises by implication. Ch. Baron Comyn lays down the law that, upon every statute made for the remedy of any injury, mischief or grievance, an action lies by the party aggrieved, either by the express words of the statute or by implication : Com. Dig. Tit. *Action upon statute,* A. 1. ; and Judge Story has said that this is correct : *Bullard* v. *Bell,* 1 Mason's R. 290. And with respect to the person who is to sue upon a remedial statute, where it is likewise silent as to the person, it necessarily must be the injured one only. He is termed in law the party aggrieved : 2 Coke's Inst. 55, 118 ; 13 Petersdorff's Abr. 298. Hence, although there is no penalty or forfeiture imposed under the act incorporating the Commercial Insurance Company, we see, by the 12 §., a cause of action given in favor of creditors who happen to be parties aggrieved by the non-payment of the debt of the corporation arising to them by implication and to none but creditors : because, being a remedial statute, no other than the injured parties can sue. And it appears to me to fall directly within the letter and spirit of this clause of the § 6, of the statute of limitations before quoted, which requires actions to be brought within three years next after the cause of action accrued and expressly forbids the bringing of suit after the time thus limited.

I am unable to perceive how the effect of this enactment can be avoided. It appears to me to apply and to form an insuperable bar, at this late day, to the complainants remedy at law ; and they can be in no better situation by coming into this court, where the jurisdiction (of enforcement) is merely concurrent. Nor do I apprehend there is any thing in my conclusion at variance with what has heretofore been decided. The question upon the plea before the chancellor arose upon the § 5. of our act of 1813, taken from the 21.

CASES IN THE

James I. and which had often been held not to embrace actions of debt founded upon a statutory liability; (the limitation of such actions, when brought for penalties or forfeitures, being provided for to a certain extent by the 31 Eliz.) In *Bullard* v. *Bell*, 1 Mason's R. 243., which was an action of debt by a holder of a dishonored bank note against a stock-holder in the bank, under the provisions of the bank charter making the stock-holders personally liable, the cause was placed, on the part of the defence, upon a part of the statute which, like the 5. § of our act, was a transcript of the 21 James I.; and Judge Story held, it did not apply. It does not appear whether the statute of New Hampshire contained provisions similar to those in 31 Eliz. having any additional clause like the one introduced into § 6. of our act. But, certain it is, no question was raised upon the effect or application of any such provisions. I am so well convinced the clause in the statute of limitations affords a complete defence and protection to the defendants, that I deem it unnecessary to occupy time in examining other points which have been made in the cause. It will be time enough to consider these, when I am found to be in error with regard to my exposition of the 6 §. of the statute of limitations and as to its furnishing a ground of defence.

There seems to be no other alternative than to dismiss the bill; but, as almost all the complainants are either executors or assignees and exhibit this bill in *autre droit*, it is proper to excuse them from the payment of costs.